FILED by _____ YH _____ D.C.

**Dec 8, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**20-60139-CR-DIMITROULEAS/SNOW**
Case No._____

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1343
18 U.S.C. § 982

**UNITED STATES OF AMERICA**

vs.

**KEYAIRA BOSTIC and**
**DAMION MCKENZIE,**

        **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Paycheck Protection Program

1.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.      In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and

make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3.      A PPP loan application was processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4.      PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendants, Related Entities, and Individual

5.      I Am Liquid Inc. ("Liquid") was a Florida corporation with its listed principal address in Pembroke Pines, Florida.

6.      Defendant **KEYAIRA BOSTIC**, a resident of Broward County, Florida, was the president and registered agent of Liquid.

2

7.      Five Plus Investment Group LLC ("Five Plus") was a Florida corporation with its listed address in Miami, Florida.

8.      Defendant **DAMION MCKENZIE**, a resident of Broward County, Florida, was a manager of Five Plus.

9.      Bank 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC").  Bank 1 was an approved SBA lender of PPP loans.

10.     Bank 2 was a financial institution based in Fort Lee, New Jersey, that was insured by the FDIC.  Bank 2 was an approved SBA lender of PPP loans.

11.     Bank Processor 1 was a third-party company processor, based in Redwood City, California, that processed PPP loan applications for Bank 1 and Bank 2.

12.     Individual 1 was a resident of Broward County, Florida.

## COUNT 1
### Conspiracy to Commit Bank Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around May 2020, through in or around July 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**KEYAIRA BOSTIC and
DAMION MCKENZIE,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, Individual 1, and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.      to knowingly, and with the intent to defraud, execute, and cause the execution of, a

3

scheme and artifice to defraud one or more financial institutions, which scheme and artifice would employ a material falsehood, and to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2); and

      b.     to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

      3.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendants' and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.     Individual 1 created online accounts with Bank Processor 1 for Liquid, Five Plus, and other entities.

5.     **KEYAIRA BOSTIC, DAMION MCKENZIE,** Individual 1, and other co-conspirators submitted and caused the submission of fraudulent PPP loan applications for Liquid, Five Plus, and other entities, via interstate wire communications, through Bank Processor 1's online portal.

6.     The PPP loan applications submitted by **KEYAIRA BOSTIC, DAMION MCKENZIE,** Individual 1, and other co-conspirators for Liquid, Five Plus, and other entities included falsified bank statements and payroll-tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

7.     **KEYAIRA BOSTIC, DAMION MCKENZIE,** Individual 1, and other co-conspirators recruited co-conspirators to submit additional fraudulent PPP loan applications, often in exchange for kickbacks from the proceeds received through the fraudulently obtained PPP loans.

8.     **KEYAIRA BOSTIC, DAMION MCKENZIE,** and other co-conspirators sent text messages and email communications to Individual 1 that contained the names, addresses, and personal/business information of other co-conspirators for the purpose of creating and submitting additional fraudulent PPP loan applications for those co-conspirators.

9.     As a result of the false and fraudulent PPP loan applications submitted as part of this scheme, Bank 1 and Bank 2 disbursed millions of dollars in PPP loan proceeds, which were

transferred to **KEYAIRA BOSTIC, DAMION MCKENZIE**, Individual 1, and other co-conspirators via interstate wire transmissions.

10.   **KEYAIRA BOSTIC, DAMION MCKENZIE**, Individual 1, and other co-conspirators used the proceeds from the fraud scheme for their own use, the use of others, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-3**
**Bank Fraud**
**(18 U.S.C. § 1344)**

1.   The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.   From on or about May 15, 2020, and continuing through on or about July 20, 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**KEYAIRA BOSTIC and**
**DAMION MCKENZIE,**

did knowingly, and with the intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

**PURPOSE OF THE SCHEME AND ARTIFICE**

3.   It was the purpose of the scheme and artifice for the defendants and their

accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendants' and accomplices' personal use, the use and benefit of others, and to further the fraud.

## THE SCHEME AND ARTIFICE

4.     The Manner and Means of the Conspiracy section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## EXECUTION OF THE SCHEME AND ARTIFICE

5.     On or about the dates specified below, in the Southern District of Florida, and elsewhere, **KEYAIRA BOSTIC** and **DAMION MCKENZIE** did execute, and attempt to execute, and cause the execution of, the above-described scheme and artifice to defraud, as more particularly described below:

| COUNT | APPROXIMATE DATE | DEFENDANT(S) | EXECUTION |
|---|---|---|---|
| 2 | May 16, 2020 | **DAMION MCKENZIE** | Electronic transmission to Bank Processor 1 of four (4) IRS Forms 941 (Employer's Quarterly Federal Tax Return) for calendar year 2019 for Five Plus. |
| 3 | May 19, 2020 | **KEYAIRA BOSTIC and DAMION MCKENZIE** | Electronic transmission to Bank Processor 1 of Paycheck Protection Program Borrower Application Form requesting loan in the amount of $84,515 for Liquid. |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## COUNTS 4-8
### Wire Fraud
### (18 U.S.C. § 1343)

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From on or about May 15, 2020, and continuing through on or about July 20, 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

### KEYAIRA BOSTIC and
### DAMION MCKENZIE,

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for

the defendants' and accomplices' personal use, the use and benefit of others, and to further the fraud.

## THE SCHEME AND ARTIFICE

4.     The Manner and Means of the Conspiracy section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF WIRES

5.     On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, **KEYAIRA BOSTIC** and **DAMION MCKENZIE**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DEFENDANT(S) | DESCRIPTION OF WIRE |
|-------|------------------|--------------|---------------------|
| 4 | May 15, 2020 | **DAMION MCKENZIE** | E-mail transmission from **DAMION MCKENZIE** to Individual 1, in the Southern District of Florida, through Google's servers outside of Florida, attaching signed IRS Forms 941 for Five Plus for calendar year 2019. |

| 5 | May 21, 2020 | **KEYAIRA BOSTIC and DAMION MCKENZIE** | Wire transfer in the amount of $21,130 from the JP Morgan Chase account ending in 2310, belonging to Liquid, to the Citibank account ending in 6828, belonging to Individual 1, causing a wire transmission from the Southern District of Florida to outside of Florida. |
| 6 | May 23, 2020 | **KEYAIRA BOSTIC** | E-mail transmission from **KEYAIRA BOSTIC** to Individual 1, in the Southern District of Florida, through Google's servers outside of Florida, attaching a bank statement and information intake sheet containing the personal, business, and banking information of D.W. and his company. |
| 7 | May 26, 2020 | **KEYAIRA BOSTIC and DAMION MCKENZIE** | Deposit of check in the amount of $20,000 from a company referred to the scheme into the PNC account ending in 7116, belonging to **MCKENZIE**, causing a wire transmission from inside the Southern District of Florida to outside of Florida. |
| 8 | July 2, 2020 | **DAMION MCKENZIE** | Deposit of check in the amount of $90,000 from a company referred to the scheme into PNC account ending in 1286, belonging to Five Plus, causing a wire transmission from inside the Southern District of Florida to outside of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1.     The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **KEYAIRA BOSTIC** and **DAMION MCKENZIE**,

have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Sections 1343, 1344 and 1349, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following: up to and including $41,903.00 on deposit in account number 000000587822310 at J.P. Morgan Chase Bank held in the name of I Am Liquid Inc.

4.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

DAVID S. TURKEN
ASSISTANT UNITED STATES ATTORNEY

For DANIEL S. KAHN
ACTING CHIEF, FRAUD SECTION

For PHILIP B. TROUT
TRIAL ATTORNEY, FRAUD SECTION

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KEYAIRA BOSTIC, et al.,

_____ **Defendant.** _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)          Yes _____   No _____
Number of new defendants          _____
Total number of counts          _____

**Court Division:** (Select One)

| ✓ | Miami | ___ | Key West |
|---|-------|-----|----------|
| ___ | FTL | ___ | WPB  ___ FTP |

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     No _____
    List language and/or dialect     _____

4.  This case will take __3__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

|   | (Check only one) |   |   | (Check only one) |   |
|---|------------------|---|---|------------------|---|
| I | 0 to 5 days | ___✓___ | Petty | _____ |   |
| II | 6 to 10 days | _____ | Minor | _____ |   |
| III | 11 to 20 days | _____ | Misdem. | _____ |   |
| IV | 21 to 60 days | _____ | Felony | ___✓___ |   |
| V | 61 days and over | _____ |   |   |   |

6.  Has this case previously been filed in this District Court?     (Yes or No)     No _____
    If yes: Judge _____     Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)     Yes _____
    If yes: Magistrate Case No.     20-MJ-6318-PMH and 20-MJ-6316-PMH _____
    Related miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the District of _____

    Is this a potential death penalty case? (Yes or No)     No _____

7.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes _____     No _✓_

8.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes _____     No _✓_

9.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     Yes _____     No _✓_

_____
DAVID S. TURKEN
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 28573

*Penalty Sheet(s) attached

REV 6/5/2020

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: DAMION MCKENZIE

**Case No**:

Count #: 1

Conspiracy to Commit Bank Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**      Thirty (30) Years' Imprisonment

Counts #: 2-3

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**      Thirty (30) Years' Imprisonment as to each count

Counts #: 4, 5, 7, and 8

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**      Twenty (20) Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: KEYAIRA BOSTIC

**Case No**:

Count #: 1

Conspiracy to Commit Bank Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**     Thirty (30) Years' Imprisonment

Count #: 3

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**     Thirty (30) Years' Imprisonment as to each count

Counts #: 5-7

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**     Twenty (20) Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**